UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LANCE E. DAUBER and MEGAN DAUBER, husband and wife,

Plaintiffs,

v.

COLDATA COLLECTION COMPANIES, a corporation, CROSS COUNTRY BANK, a corporation, NCO FINANCIAL SYSTEMS, a corporation, ALLIANCE ONE, a corporation,

Defendants.

No. C05-445Z

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) This matter comes before the Court on Defendant's Motion for Summary Judgment, docket no. 18, and Plaintiffs' Cross-Motion for Summary Judgment, docket no. 20. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Defendant has not raised any issue of fact in its Motion for Summary Judgment beyond the conclusory assertion that no genuine issue of material fact exists. In moving for Summary Judgment, the moving party has the obligation to demonstrate the absence of any issue of material fact, or to point out the absence of any disputed issues of material fact. See Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1029 (9th Cir. 2001) ("The district court may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record *specifically referenced* therein.") (emphasis added). Defendant Alliance Receivables here has not referenced any document or fact in its Motion, and has made no legal argument. Defendant's Motion for Summary Judgment, docket no. 18, is DENIED.

MINUTE ORDER 1–

(2)   Plaintiffs' Response and Cross-Motion for Summary Judgment, docket no. 20, is similarly deficient.  Plaintiffs' Cross-Motion was not noted for consideration by the Court.  However, after reviewing Plaintiffs' three-page Motion, the Court finds the summary judgment standard cannot be met.  Plaintiffs fail to include any declaration of fact (or admissible evidence in a fact declaration) that would demonstrate the absence of disputed issues of material fact.  In ruling on a motion for summary judgment, the Court may only consider evidence that would be admissible at trial, and may not consider inadmissible evidence, or evidence which lacks foundation.  See <u>Key Bank of Puget Sound v. Alaskan Harvester</u>, 738 F. Supp. 398, 401 (W.D. Wash. 1989).  Plaintiffs' Motion contains <u>no</u> citation to any legal precedent.  Plaintiffs' Cross-Motion for Summary Judgment, docket no. 20, is DENIED.

(3)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Filed and entered this 20th day of July, 2005.

BRUCE RIFKIN, Clerk

By s/ Casey Condon
Casey Condon
Deputy Clerk

MINUTE ORDER   2–